

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00271-CR

SHELDON LEE BRAMBLETT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 28,193-C, Honorable Ana Estevez, Presiding

April 18, 2019

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Sheldon Lee Bramblett, appellant, appeals his conviction for evading arrest and its ensuing seven-year prison sentence. His sole issue concerns the admission into evidence of the 9-1-1 call that instigated the charges. Appellant objected to the admission of the tape on the ground that its prejudicial effect substantially outweighed its probative value. The objection was overruled. Before us, he reiterates his Texas Rule of Evidence 403 complaint and argues that the trial court erred in admitting it because it was overly prejudicial and posed the risk of swaying the jury to convict due to the information

captured on the recording. That information consisted of the caller accusing appellant "of beating her up and breaking into her house," "beating her with a metal rod," "assaulting her by grabbing or pulling her hair," and threatening to kill her. The caller was appellant's mother aged 58 or 59. We overrule the issue.

Evidence akin to that in the recording had been admitted previously without objection. It included allusions to the appellant being the victim's son, appellant forcibly entering the house, appellant assaulting his mother, appellant dragging his mother, and appellant's mother displaying marks consistent with an assault. This evidence being similar to that encompassed within the 9-1-1 call, we conclude that any purported error in admitting the recording was waived or rendered harmless. *See Webb v. State,* 557 S.W.3d 690, 698 (Tex. App.—Texarkana 2018, pet. ref'd) (stating that a party waives error concerning the admission of evidence if the same or substantially similar evidence has been previously admitted in the proceeding without objection); *Lamerand v. State*, 540 S.W.3d 252, 259 (Tex. App.—San Antonio 2018, pet. ref'd) (stating that the improper admission of evidence is rendered harmless when the same or similar evidence is admitted elsewhere without objection).[1]

The judgment is affirmed.

Per Curiam

Do not publish.

---

[1] We further support our conclusion regarding the absence of harm by noting that the record contained overwhelming evidence of appellant's effort to evade arrest and, therefore, of his guilt for the charged crime. *See Martin v. State*, No. 07-17-00145-CR, 2018 Tex. App. LEXIS 10084, at *9 (Tex. App.—Amarillo Dec. 6, 2018, no pet.) (mem. op., not designated for publication) (finding any purported error in the admission of evidence harmless due to overwhelming evidence of guilt present in the record).